IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-51239
Summary Calendar

DINA A. NUNEZ

Plaintiff- Appellant

V.

UNITED STATES POSTAL SERVICE

Defendant- Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-245

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Dina A. Nunez ("Nunez") appeals from the district court's final judgment awarding her $9,853.78 in damages stemming from injuries she sustained in a collision with an on-duty United States Postal Service ("USPS") worker. The sole issue on appeal is whether the district court erroneously prohibited Nunez's treating physician and physical therapist assistant from testifying at trial. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.    Factual and Procedural Background

On April 29, 2004, Nunez was injured after her vehicle collided with the vehicle driven by James Lawson, a rural mail carrier with the USPS acting within the course and scope of his employment. On April 4, 2006, Nunez, proceeding pro se, filed a complaint; she filed an amended complaint on August 23, 2006. Nunez brought a personal injury action against the USPS under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. Nunez's complaint also included a state law claim against State Farm Mutual Automobile Insurance Company ("State Farm"). In her complaint, Nunez sought relief for pain and suffering, permanent disability, unexpected medical expenses, emotional distress, earning capacity impairment, loss profits, interest due from money withheld, and punitive damages. The district court dismissed State Farm prior to trial.[1]

At the initial pretrial conference, the district court advised Nunez to retain counsel because of the complexities of litigating in federal court, provided her with contact information for attorney referral services, and informed her that as a pro se plaintiff, she would be held to the same standard as attorneys on matters relating to federal procedure. The district court then approved a scheduling order setting the dates for the parties' respective discovery and other filings, and instructed the parties as to the importance of following the scheduling order. Per the scheduling order, Nunez's designations of witnesses, testifying experts and exhibits under Federal Rule of Civil Procedure 26, were due by January 11, 2007. However, Nunez did not file her Rule 26 designations until February 28, 2007. In her filing, she listed only potential trial exhibits; she did not designate any potential witnesses for trial, expert or otherwise. Subsequently, at her deposition on March 8, 2007, when asked if she intended

---

[1] Nunez does not raise the dismissal as an issue on appeal. Therefore, we will not consider that issue.

to call any witnesses to testify on her behalf at trial, Nunez indicated that she would call only her husband and teenage daughter. Additionally, in response to a specific question about whether she intended to call her treating physician, Dr. David Schickner, to testify at trial, Nunez replied "No. He is not going to come. I haven't asked him." Nunez later corrected her deposition testimony to reflect that she meant to say "no he is not going to come. I have to ask him if he could come." Discovery closed on March 15, 2007 and the trial was scheduled for the August 2007 term.

At the final pretrial conference, on July 25, 2007, the district court admonished Nunez for her failure to comply with the scheduling order deadlines and local rules of court. In addition to late discovery submissions, Nunez had failed to comply with the requirements of Federal Rule of Civil Procedure 16 and Local Rule CV-16, both of which required her to designate her final witnesses and exhibits for trial prior to the final pretrial conference. Both parties ultimately consented to proceed with the action before the magistrate judge, and the district court referred and assigned the case to the magistrate judge on July 25, 2007.

On August 15, 2007, the magistrate judge held a status conference. USPS informed the court that Nunez still had not made the Rule 16 disclosures regarding who she was going to call to testify and the exhibits she intended to use. The court continued the trial to the September trial, gave Nunez an opportunity to file the required reports, and informed USPS that it would have an opportunity to object. The court then set the trial for September 17, 2007.

On August 24, 2007, Nunez requested until September 14, 2007, to file her list of witnesses. On August 28, 2007, the court granted the request in part, permitting Nunez to file her supplemental list of witnesses on or before September 7, 2007. On August 28, 2007, Nunez filed her exhibit list and identified Dr. Schickner as a potential expert witness. Nunez stated that Dr.

Schickner could explain her condition because he had the experience and capacity to do so as a neurosurgeon. Nunez also stated that Dr. Schickner had seen her for nineteen (19) appointments from May 2004 to June 2007. Nunez concluded, therefore, that Dr. Schickner was an expert witness qualified to testify in this case. The only other information Nunez provided regarding Dr. Schickner at this time was his address and phone number. On September 7, 2007, Nunez filed another witness list that included Dr. Schickner; Richard Anderson, a Physical Therapist Assistant; and Jennifer Baskerville, a highway patrol officer. On September 13, 2007, USPS filed numerous objections, including objections to Nunez's designation of Dr. Schickner and Mr. Anderson.

Prior to the commencement of trial on September 17, 2007, the court heard arguments on the objections to the designation of witnesses. After consideration, the court ruled that Dr. Schickner and Mr. Anderson would not be permitted to testify. After a bench trial, the court entered its findings of fact and conclusion of law. The court awarded Nunez $5,000 for physical pain and suffering and $4,583.78 for past medical expenses. Nunez appealed, assigning as error the trial court's exclusion of the expert witnesses.

## II.    Discussion

This Court applies an abuse of discretion standard when reviewing a trial court's exclusion of expert witnesses not properly designated. Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998). We consider the following factors in reviewing whether the trial court abused its discretion: (1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. Id. (citation omitted).

On appeal, Nunez identifies these factors, but she does not clearly address each one. Nunez argues that she was proceeding pro se in the trial court, and

she was granted an extension to designate her witnesses. It is undisputed, however, that Nunez did not timely designate the excluded witnesses pursuant to the court's scheduling order. Even assuming arguendo that Nunez's ultimate designation of the expert witnesses was timely pursuant to the trial court's subsequent extension, the trial court clearly informed Nunez that it would nonetheless consider USPS's objections to the designations. Nunez did not disclose all the experts she intended to call until ten (10) days prior to the trial.

Neither party disputes that the testimony was important to prove components of Nunez's damages, and the trial court had previously moved the trial from the August to September trial term. Notably, Dr. Schickner was not physically present at trial, but Nunez indicated that she intended to call him to present testimony by phone. The trial court was well within its discretion to consider USPS's objections to the designations before trial commenced, and the trial court did not abuse its discretion to exclude those witnesses.

III. Conclusion

In light of the foregoing, we find that the district court did not abuse its discretion to exclude the testimony of Dr. Schickner and Mr. Anderson. AFFIRMED.